UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEATHER HART,<br><br>　　　　Plaintiff,<br>v.<br><br>SPENCER HUGHES, an individual,<br><br>　　　　Defendant. | Case No. 4:20-cv-00582-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant's Motion to Dismiss. Dkt. 10. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Motion and DISMISSES the claims against Hughes WITH PREJUDICE.

## II. BACKGROUND

Plaintiff Heather Hart was arrested on June 10, 2020. Hart alleged that two days later, Defendant Spencer Hughes unlawfully entered and searched her residence on his day off. Dkt. 1, at 2–3. Hughes claims that Hart had authorized the search of her residence. Dkt.

10-1, at 2. The issue of whether the search was authorized does not concern the Court today. The issue before the Court today centers around how Hart and her attorneys subsequently failed to prosecute this case.[1]

The Court issued its standard litigation order and notice of telephonic scheduling conference on April 15, 2021. Dkt. 6. In response to that order, Hughes prepared and submitted proposed litigation and discovery plans to the Court and Hart's counsel. Dkts. 7–8; 10-2, at 6. Hart did not respond to the proposed plans. As Hart had not stipulated to the plans, the Court held a telephonic scheduling conference on May 24, 2021. The parties, through counsel, participated in the telephonic scheduling conference. During the call, counsel for Hart advised the Court that they had not had time to review the proposed plans prepared by Hughes and requested additional time to do so. The Court informally granted that request, provided additional time for Hart to review the proposed plans, and suggested she update the Court in 1-2 weeks' time as to whether she would stipulate to the plans or submit proposals of her own.

By September 2021, approximately four months later, counsel for Hughes had not heard anything further from Hart or her attorneys and informally communicated with the Court via email requesting that the Court enter the litigation and discovery plans as submitted by Hughes. Dkt. 10-2, at 9. The Court's clerk responded and asked counsel for Hart if they had any objections to the plans as submitted by Hughes. *Id*. Approximately three days later, Hughes had still not heard from Hart and asked the Court to proceed with

---

[1] The remainder of the facts come from the Motion to Dismiss (Dkt. 10).

MEMORANDUM DECISION AND ORDER - 2

the scheduling order. *Id*. at 8. The Court agreed with Hughes' request and adopted the deadlines and procedures proposed by Hughes without any input from Hart. *Id.* The Court also reminded Hart's counsel of their duty to drive litigation forward and warned them of possible consequences for their inaction, reminding them that "in the district of Idaho, a lack of engaging and moving a case forward can result in dismissal for failure to prosecute (Local Rule 41.1)." *Id*.

Thereafter, Hughes made attempts to move the case forward. He submitted initial disclosures on or around September 15, 2021. He also sent discovery requests to Hart on or around September 21, 2021. Dkt. 10-2, at 13–15. Hart has neither submitted initial disclosures nor responses to Hughes' requests for discovery. Hart also has not responded to the instant Motion to Dismiss. In sum, Hart has not made any attempt to litigate this case or communicate with the Court or Hughes' counsel for the past seven months.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss the action if the plaintiff fails to prosecute his or her claims. Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Additionally, "[a]ny civil case in which no action of record has been taken by the parties for a period of six (6) months may, after sufficient notice as determined by the Court, be dismissed by the Court for lack of prosecution." Dist. Idaho Loc. Civ. R. 41.1.

### IV. DISCUSSION

Dismissing a case under Federal Rule of Civil Procedure 41(b) involves a five-factor analysis. These factors are: "(1) the public's interest in expeditious resolution of litigation;

MEMORANDUM DECISION AND ORDER - 3

(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). A plaintiff's failure to respond to pleadings and the Court's inquiries constitutes abandonment of claims and warrants dismissal. *J&J Sports Prods., Inc. v. Morfin*, 2014 WL 12788190, at *2 (D. Idaho Feb. 7, 2014).

The Ninth Circuit has indicated that "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court has a significant number of active cases on its docket that demand its attention, and resolving this case would ease the Court's load. Hughes would face serious prejudice if this case was allowed to linger, as allegations of misconduct can cause significant impacts on an officer's career and his or her ability to earn a living. Defending against these allegations also necessitated costs and attorney fees.

While public policy favors disposing of cases on their merits, especially when they involve potential police misconduct, this is not possible because of Hart's choice to stonewall Hughes' attempts to further the case. There is no less drastic alternative available, as Hart has exhibited a pattern of noncommunication with the Court and opposing counsel. Frankly, the inaction of Hart and her counsel indicate that further warnings would be pointless. Additionally, Hart has clearly violated Local Rule 41.1 by failing to take any action of record for the past seven months and in not communicating with the Court or opposing counsel. In modern parlance, both Hughes and the Court were "ghosted" by Hart

and her attorneys. This disappearance is extremely unprofessional.[2] The Court's time has been wasted. The Court therefore GRANTS the Motion to Dismiss and DISMISSES all the claims against Hughes WITH PREJUDICE.

## V. ORDER

The Court HEREBY ORDERS:

1. Hughes' Motion to Dismiss (Dkt. 10) is GRANTED.

2. Hart's claims against Hughes are DISMISSED WITH PREJUDICE.

3. The Court will enter a separate judgment in accordance with Fed. R. Civ. P. 58.

DATED: January 13, 2022

David C. Nye
Chief U.S. District Court Judge

---

[2] The Court does not mean to overemphasize or sensationalize the present situation, but it is frankly shocking that *attorneys* would affirmatively chose to repeatedly ignore directives from the Court—informal or otherwise. The Court has experienced similar tactics from pro se litigants, but when professionals bound by rules of conduct engage in such behavior, the Court is not well pleased.

MEMORANDUM DECISION AND ORDER - 5